UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOSE ANTONIO CARRION, | ) | CASE NO. 1:09 CV 774 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| GERALD MCFAUL, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Jose Antonio Carrion filed this action under 42 U.S.C. § 1983 against former Cuyahoga County Sheriff Gerald McFaul, Cuyahoga County Jail Associate Warden McArthur, and Cuyahoga County Jail Supervisors John and Jane Doe. In the complaint, plaintiff alleges that the Cuyahoga County Jail no longer maintains a law library for detainees. He filed an Amended Complaint on May 6, 2009 adding Cuyahoga County Jail Warden Kevin McDonough, Cuyahoga County Jail Director of Corrections Kenneth Kochevar, and Cuyahoga County Jail Warden Ronald Shobert, as defendants. He seeks injunctive and monetary relief.

**Background**

Mr. Carrion was convicted on drug possession charges and was sentenced on October 29, 2007 to seven months incarceration, less 175 days jail time credit. He was also sentenced to a consecutive term of one month incarceration for violation of parole. In March 2008,

Mr. Carrion believed he had completed his sentence and filed a Petition for a Writ of Habeas Corpus in the Ohio Supreme Court seeking release from prison. The Ohio Supreme Court allowed the writ on April 9, 2008, and the State of Ohio filed its return of writ on April 30, 2008. Mr. Carrion was released on parole and transferred to the Oriana House Community Corrections and Treatment Center on May 7, 2008. He requested and was granted an extension of time to May 22, 2008 to file his response tot he return of writ.

The day before his response was due, Mr. Carrion prepared his filing and gave it to his Oriana House case worker with instructions to mail it by overnight delivery to the Ohio Supreme Court. The package, however, was not mailed until May 27, 2008 and was not received by the Ohio Supreme Court until May 30, 2008. His response was returned to him pursuant to Ohio Supreme Court Rule XIV, Section 1(D). The Marion Correctional Institution Warden moved to dismiss the habeas petition, claiming it was moot, because Mr. Carrion had been released on parole. The Ohio Supreme Court granted the Warden's Motion on July 9, 2008.

Mr. Carrion filed various grievances and lawsuits against Oriana House. In addition to failing to follow his mailing instructions, the management at Oriana House terminated Mr. Carrion from the program on June 16, 2008. He filed a mandamus action against the Oriana House Program Managers in the Ohio Eighth District Court of Appeals in latter part of 2008 seeking to compel them to respond to his grievances, provide written notice of the reasons for his termination from the program, and to reveal the name of the person responsible for sending out the mail.

The mandamus action was still pending when Mr. Carrion was arrested on November 3, 2008 and charged with Burglary and Robbery. He is currently detained in the Cuyahoga County jail awaiting final disposition of that criminal case. The day after his arrival in the Cuyahoga County Jail, he asked a corrections officer to help him gain access to the law library.

He was told the law library had been closed since January 2007. Communications and grievances sent to the warden, associate wardens, and the sheriff failed to reverse that decision. He indicates that in addition to the mandamus action, he is contemplating filing a civil rights action under 42 U.S.C. § 1983 and a federal petition for a writ of habeas corpus "under 28 U.S.C. §§ 2241, 2254, and 2255." (Compl. at 8.) He contends that his habeas petition would have to be filed by July 9, 2009. He claims that if the defendants continue to deprive him of access to a law library, his right to access to the courts "may be unlawfully severely wounded." (Compl. at 9.) He claims the defendants have been deliberately indifferent to his constitutional rights. Finally, he states, "the defendants has [sic] already commenced to retaliate against the plaintiff by opening and reading his legal correspondence without consent or been present." (Compl. at 13.) He claims the defendants denied him due process and equal protection.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

dismissed pursuant to section 1915(e).

**a. Access to the Courts**

To state a claim for denial of access to the courts, Mr. Carrion must demonstrate he suffered actual injury as a result of the closure of the law library. Lewis v. Casey, 518 U.S. 343, 351 (1996). The injury requirement is not satisfied by just any type of frustrated legal claim. Id. A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of specific non-frivolous direct appeals, habeas corpus applications, or civil rights actions. Id.; Hadix v. Johnson, 182 F.3d 400, 405 (6th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration."[2] Id. at 355.

In support of the claim of actual injury, Mr. Carrion alleges his Mandamus petition was still pending in the Ohio Eighth District Court of Appeals and that he intended to file a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and a civil rights action pursuant to 42 U.S.C. §1983 in federal court. His Mandamus petition was denied on its merits on July 7, 2009. See State of Ohio ex rel. Carrion v. Nunez, No. 91910, 2009 WL 1965285, slip op. (Ohio App. 8 Dist. July 7, 2009). Furthermore, the court notes that Mr. Carrion filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 on June 24, 2009. See Carrion v. Janes, No. 1:09 CV 1437 (N.D. Ohio filed June 24, 2009)(Economus, J.)  He also filed the within action. Mr. Carrion does not

---

[2] The Supreme Court stressed that the First Amendment does not guarantee prisoners the ability to transform themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Lewis, 518 U.S. at 355.

allege facts reasonably suggesting that any of the defendants interfered with the filing of these actions or caused their dismissal. Without this information, Mr. Carrion fails to state a claim for denial of access to the courts. See Hadix, 182 F.3d at 405.

**b. Due Process and Equal Protection**

Mr. Carrion also claims, without explanation, that he was denied due process and equal protection. His complaint contains only vague conclusory allegations that the defendants violated his civil rights. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

Dated: 7/31/09                         *s/ James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[3]     28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.